IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| THOMAS M. FALAHEE, | ) | CV. NO. 10-00218 HG-BMK |
| | ) | |
| Plaintiff, | ) | FINDINGS AND |
| | ) | RECOMMENDATION THAT |
| vs. | ) | PLAINTIFF'S MOTION TO |
| | ) | REMAND THIS CASE TO STATE |
| HEIDE AND COOK LTD.; JOHN | ) | COURT FOR FAILURE TO |
| DOES 1-10; DOE ENTITIES 1-10, | ) | TIMELY REMOVE AND LACK |
| | ) | OF FEDERAL COURT |
| Defendants. | ) | JURISDICTION BE DENIED |
| _____ | ) | |

FINDINGS AND RECOMMENDATION THAT PLAINTIFF'S MOTION TO
REMAND THIS CASE TO STATE COURT FOR FAILURE TO TIMELY
REMOVE AND LACK OF FEDERAL COURT JURISDICTION BE DENIED

Before the Court is Plaintiff Thomas M. Falahee's ("Plaintiff")

Motion to Remand this Case to State Court for Failure to Timely Remove and Lack

of Federal Court Jurisdiction ("motion for remand").  (Doc. # 16.)  The Court

heard the motion on July 26, 2010.  After careful consideration of the motion, the

supporting and opposing memoranda, and the arguments of counsel, the Court

RECOMMENDS that Plaintiff's motion for remand be DENIED.

BACKGROUND

On January 19, 2010, Plaintiff filed a complaint against Defendant

Heide and Cook Ltd. ("Defendant") in the Circuit Court of the First Circuit, State

of Hawaii ("state court").  (Mot. Ex. A.)  In his complaint, Plaintiff alleges that he

was hired by Defendant as a journeyman plumber on December 19, 2005, and that

he was assigned to Defendant's Plumbing Division.  (Compl. ¶ 8.)  Plaintiff alleges

that in March 2009, Defendant assigned him to a project on Maui ("Project").  (<u>Id.</u>

¶¶ 12-14.)  Plaintiff alleges that Defendant informed him that the Project was

expected to take three days to complete, but that he could "do [the] job in one day

and . . . 'uku-pau.'" (<u>Id.</u> ¶ 13.)  Plaintiff claims that "uku-pau" is "a practice of

going home early after a job is completed but being paid for the full work day."

(<u>Id.</u> ¶ 10.)  Plaintiff alleges that "uku-pau" was a "widely accepted practice by

Defendant."  (<u>Id.</u> ¶¶ 10-11.)

Plaintiff alleges that on March 24, 2009, he and an apprentice traveled

to Maui to begin working on the Project.  (<u>Id.</u> ¶ 15.)  He alleges that he worked for

eight hours on March 24, 2009 and six hours on March 25, 2009.  (<u>Id.</u> ¶¶ 15-16.)

He states that he and the apprentice completed the Project on March 25, 2009, but

that they stayed on Maui overnight.  (<u>Id.</u> ¶¶ 16-17.)  Plaintiff alleges that on March

26, 2009, he and the apprentice met with the Project's general contractor.  (<u>Id.</u>

¶ 17.)  Plaintiff alleges that during that meeting, he informed the general contractor

that he and the apprentice completed the Project early, but that they would not be

returning to Oahu until later that day.  (<u>Id.</u>)  Plaintiff alleges that he informed the

general contractor that they were to be paid for three, eight-hour days of work

2

under "uku-pau."  (Id.)  Plaintiff and the apprentice returned to Oahu at 5:15 p.m.

that day.  (Id.)

Plaintiff alleges that after returning to Oahu, Defendant told him that

there was a problem concerning the billing for the Project.  (Id. ¶¶ 18-19.)  Plaintiff

alleges that Defendant questioned him as to the number of hours it took to

complete the Project.  (Id. ¶ 19.)  Plaintiff alleges that he told Defendant that it

took less than three, eight-hour days.  (See id.)  Plaintiff claims that after telling

Defendant the foregoing, Defendant terminated him from employment.  (Id.)

Plaintiff asserts the following claims against Defendant:  (1) promissory estoppel

(Count I); (2) wrongful termination in violation of public policy (Count II); and (3)

intentional infliction of emotional distress ("IIED") (Count III).

Plaintiff served Defendant with a copy of the complaint on

January 25, 2010.  (Mot. Ex. B.)  Defendant answered the complaint on

February 16, 2010.  (Mot. Ex. C.)  After answering the complaint, Defendant

served Plaintiff with a request for answers to interrogatories.  Defendant received

Plaintiff's response to its request on March 17, 2010.  (Tam Decl. ¶ 5.)  In his

response, Plaintiff stated, among other things, that he has been a member of

Local 675 of the United Association of Journeymen and Apprentice Plumbers &

Pipefitters of the U.S. & Canada AFL-CIO ("Local 675") from 2001 to the present.

(Pl.'s Resp. to Def.'s Interrog. # 8.)

On April 1, 2010, Defendant deposed Plaintiff.  (Opp'n Ex. 3.)
During his deposition, Plaintiff testified that he has been a member of Local 675
since about 2000.  (Pl. Dep. 20:20-21:4, Apr. 1, 2010.)  In addition, Plaintiff
acknowledged that there is a Labor Management Agreement ("CBA") between
Local 675 and the Plumbing & Mechanical Contractors Association of Hawaii
("PAMCAH").  (Id. at 131:1-4; 131:25-132:5; 132:19-25.)

On April 15, 2010, Defendant filed its Notice of Removal in this
Court.  (Doc. # 1.)  Plaintiff moves for remand on the following grounds:
(1) Defendant's Notice of Removal was untimely filed pursuant to 28 U.S.C.
§ 1446(b) and (2) this Court lacks subject matter jurisdiction over his claims.  The
Court addresses Plaintiff's grounds for remand in turn.

DISCUSSION

I.    Removal

Plaintiff argues that pursuant to 28 U.S.C. § 1446(b), Defendant's
Notice of Removal was untimely filed because it was filed more than thirty-days
after service of the complaint.  (Mot. at 4-5.)  Defendant argues in opposition that
removal was timely because Plaintiff's complaint failed to reveal the existence of
the CBA or that Plaintiff is a member of Local 675.  (Opp'n at 6-7.)  Defendant

argues that as such, 28 U.S.C. § 1446(b)'s thirty-day time period for removal was not triggered until it received a pleading or "other paper" from which it could ascertain that the case was removable.  (Id. at 7-8.)  Defendant argues that Plaintiff's response to its request for answers to interrogatories constitutes "other paper" upon which removal may be predicated.  (Id.)

> Title 28 U.S.C. § 1446(b) provides:
>
> The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based . . . .
>
> If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one in which is or has become removable, except that a case may not be removed on the basis of jurisdiction conferred by section 1332 of this title more than 1 year after commencement of the action.

Based on the foregoing, 28 U.S.C. § 1446(b) provides "two thirty-day periods during which a defendant may remove an action."  Rossetto v. Oaktree Capital Mgmt., LLC, 664 F. Supp. 1122, 1128 (D. Haw. 2009).  The first thirty-day period "only applies if the case stated by the initial pleading is removable on its face."  Id. (quoting Harris v. Bankers Life & Cas. Co., 425 F.3d 689, 694 (9th Cir. 2005)) (quotations omitted).  Thus, "notice of removability under § 1446(b) is determined

through examination of the four corners of the applicable pleadings, not through

subjective knowledge or a duty to make further inquiry." Id. (quoting Harris,

425 F.3d at 694) (quotations omitted).  Where no ground for removal is evident in

the initial pleading, the initial thirty-day period does not commence.  Harris,

425 F.3d at 694.  The second thirty-day period "occurs 'thirty days after receipt by

the defendant of a copy of an amended pleading, motion, order or other paper from

which it may first be ascertained that the case is one which is or has become

removable.'"  Rossetto, 664 F. Supp. 2d at 1128 (quoting Harris, 425 F.3d at 694)

(quotations omitted).

        After reviewing Plaintiff's complaint, the Court concludes that

28 U.S.C. § 1446(b)'s first thirty-day period does not apply.  Nothing on the face

of Plaintiff's complaint indicates that the CBA exists or that Plaintiff is a member

of Local 675.  The Court concludes that instead, the action became removable, at

the earliest, upon Defendant's receipt of Plaintiff's response to its request for

answers to interrogatories.  Chapman v. Powermatic, Inc., 969 F.2d 160, 164 (5th

Cir. 1992) (holding that answers to interrogatories constitute "other paper" within

the meaning of 28 U.S.C. § 1446(b)); Smith v. Int'l Harvester Co., 621 F. Supp.

1005, 1007 (D. Nev. 1985) (noting that answers to interrogatories may constitute

"other paper" under 28 U.S.C. § 1446(b)).  Because Defendant received Plaintiff's

6

response on March 17, 2010, Defendant's removal of the action on April 15, 2010 was timely.

II.   Jurisdiction

Plaintiff argues that even if removal was timely, this Court does not have subject matter jurisdiction over his claims because all of his claims are based wholly on state law.  (Mot. at 5-11.)  Defendant argues that Plaintiff's claims are completely preempted by federal law.  (See Notice of Removal ¶ 4.)

An action filed in state court may be removed to federal district court only if the action could have been brought in the federal district court originally. 28 U.S.C. § 1441; Matheson v. Progressive Speciality Ins. Co., 319 F.3d 1089, 1090 (9th Cir. 2003).  "In the absence of diversity jurisdiction, this issue turns on the presence or absence of a federal question."  Ramirez v. Fox Television Station, Inc., 998 F.2d 743, 747 (9th Cir. 1993).  While the presence or absence of a federal question is normally determined by examining the face of the plaintiff's well-pleaded complaint, "[i]n areas where federal law completely preempts state law, . . . a claim purportedly based on state law is considered to be a federal claim from its inception . . . ."  Id. (citing Caterpillar, Inc. v. Williams, 482 U.S. 386, 393 (1987)).  Thus, "such claims are considered to have arisen under federal law."  Id. (citing Caterpillar, Inc., 482 U.S. at 393).

In this case, Defendant argues that Plaintiff's claims are completely preempted by § 301 of the Labor Management Relations Act ("LMRA § 301"). (See Notice of Removal ¶ 4.)  LMRA § 301 provides federal jurisdiction over "[s]uits for violation of contracts between an employer and a labor organization . . . ."  29 U.S.C. § 185(a); Franchise Tax Bd. v. Constr. Laborers Vacation Trust, 463 U.S. 1, 23 (1983).  Thus, LMRA § 301 has been held to completely preempt any state-law causes of action for alleged violations of contracts between employers and labor organizations.  Franchise Tax Bd., 463 U.S. at 23.  In addition, LMRA § 301 has been construed to completely preempt "'most state-law actions that require *interpretation* of labor agreements.'"  Balcorta v. Twentieth Century-Fox Film Corp., 208 F.3d 1102, 1108 (9th Cir. 2000) (quoting Associated Builders & Contractors, Inc. v. Local 302 Int'l Bhd. of Elec. Workers, 109 F.3d 1353, 1356 (9th Cir. 1997)) (emphasis added).  Such construction of LMRA § 301 is intended to promote the uniform interpretation of collective bargaining agreements and the arbitration of labor disputes.  Id.; Eldridge v. Felec Servs., Inc., 920 F.2d 1434, 1436 (9th Cir. 1990) (citations omitted).

Despite LMRA § 301's considerable scope, it does not displace all state-law causes of action governing labor-management relationships.  Foster v. Richardson, 843 F. Supp. 625, 628 (D. Haw. 1994).  The Supreme Court has

distinguished between claims that require interpretation of a collective bargaining agreement and those that require a court simply to refer to the agreement. Balcorta, 208 F.3d at 1108.  Thus, claims that are "inextricably intertwined with consideration of the terms of [a] labor contract" are preempted.  Miller v. AT&T Network Sys., 850 F.2d 543, 545 (9th Cir. 1988) (quoting Allis-Chalmers Corp. v. Lueck, 471 U.S. 202, 213 (1985)) (alteration in original, quotations omitted). However, claims that assert "nonnegotiable state-law rights . . . independent of any right established by contract" are not preempted.  Ramirez, 998 F.2d at 748 (quoting Miller, 850 F.2d at 546) (quotations omitted).

Based on the foregoing, the Ninth Circuit has fashioned the following two-part inquiry to determine whether a cause of action is completely preempted pursuant to LMRA § 301.  First, a court must consider whether the asserted cause of action involves a right conferred on the plaintiff by virtue of state law or is instead grounded in the collective bargaining agreement.  Burnside v. Kiewit Pac. Corp., 491 F.3d 1053, 1059 (9th Cir. 2007).  If the right exists independently of the collective bargaining agreement, the court must then consider whether the right is "nevertheless substantially dependent on analysis of a collective-bargaining agreement."  Id. (citations and quotations omitted).  If such a dependence exists, the claim is completely preempted by LMRA § 301.  Id. at 1059-60.

In this case, Plaintiff contends that LMRA § 301 complete preemption does not apply because there is no collective bargaining agreement between Defendant and Local 675.  (Mot. at 5-10.)  Plaintiff contends that even if such an agreement exists, the resolution of his claims is not substantially dependent on an analysis of the agreement.  (Id. at 10-11.)  The Court disagrees with both of Plaintiff's contentions.

As to Plaintiff's first contention, the Court is unpersuaded that there is no collective bargaining agreement between Defendant and Local 675.  Defendant is a signatory to the CBA, which as mentioned above, is between PAMCAH and Local 675.  (Serikaku Decl. ¶¶ 6-7; Opp'n Exs. 4 & 5.)  The CBA provides in pertinent part:

> SECTION 2:  *Employers.*  This agreement shall bind the association, its members and those employers who hereafter become members and other employers that become signatory to this agreement.

(Opp'n Ex. 5 at 3.)

As to Plaintiff's second contention, the Court concludes that the resolution of Plaintiff's claims is substantially dependent on an analysis of the CBA.  Count I of Plaintiff's complaint is a claim for promissory estoppel.  This

10

count alleges that Defendant promised to pay Plaintiff under the "uku-pau" system;

Defendant, at the time it made the promise, foresaw that Plaintiff would rely on the

promise; Plaintiff did in fact rely on the promise; and enforcement of the promise

is necessary to avoid injustice.  (Compl. ¶ 32.)  In order for Plaintiff to recover

under a theory of promissory estoppel, he would have to establish, among other

things, that his reliance on the promise was "reasonable."  Hi-Pac, Ltd. v. Avoset

Corp., 26 F. Supp. 2d 1230, 1237 (D. Haw. 1997) (citation and quotations

omitted).  Whether Plaintiff's reliance on the promise of being paid under the

"uku-pau" system was reasonable would seemingly turn on the terms of the CBA

and the manner in which the CBA was enforced.  Thus, the resolution of Plaintiff's

promissory estoppel claim will necessarily require an interpretation of the CBA.

Accordingly, this claim is preempted by LMRA § 301.

Count II is claim for wrongful termination in violation of public

policy.  Plaintiff, however, does not identify which public policy was allegedly

violated.  As mentioned above, the court's first inquiry is whether the asserted

cause of action involves a right conferred on the plaintiff by virtue of state law or

is instead grounded in a collective bargaining agreement.  Burnside, 491 F.3d at

1059.  Here, there is no indication that Plaintiff's second cause of action is based

upon any state law.  Accordingly, because termination of employment is governed

11

by the CBA, Plaintiff's wrongful termination claim is completely preempted pursuant to LMRA § 301.

Lastly, Count III is a claim for IIED.  The basis of Plaintiff's IIED claim is Defendant's termination of Plaintiff's employment.  To sustain a claim for IIED, Plaintiff must establish, among other things, that Defendant acted outrageously.  Enoka v. AIG Haw. Ins. Co., Inc., 109 Haw. 537, 559, 128 P.3d 850, 872 (2006) (citations omitted).  Because the CBA sets forth the terms for termination by which Defendant must abide, whether Defendant acted outrageously could turn on whether and to what extent Defendant's actions violated the CBA.  As such, the resolution of Plaintiff's IIED claim is substantially dependent on an analysis of the CBA.  Plaintiff's IIED claim is therefore also subject to complete preemption.

<u>CONCLUSION</u>

As stated above, the Court concludes that Defendant timely removed the action from state court to this Court pursuant to 28 U.S.C. § 1446(b).  In addition, the Court concludes that it has subject matter jurisdiction over Plaintiff's claims as his claims are completely preempted pursuant to LMRA § 301.  Accordingly, the Court RECOMMENDS that Plaintiff's motion for remand be DENIED.

12

IT IS SO FOUND AND RECOMMENDED.

DATED:  Honolulu, Hawaii, July 30, 2010.



  /S/ Barry M. Kurren
Barry M. Kurren
United States Magistrate Judge

Falahee v. Heide & Cook Ltd.; Civ. No. 10-00218 HG-BMK; FINDINGS AND
RECOMMENDATION THAT PLAINTIFF'S MOTION TO REMAND THIS
CASE TO STATE COURT FOR FAILURE TO TIMELY REMOVE AND LACK
OF FEDERAL COURT JURISDICTION BE DENIED.

13