IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

|                                      |                              |
| ------------------------------------ | ---------------------------- |
| THOMAS M. FALAHEE,                   | ) Civ. No. 10-00218 HG-BMK   |
|                                      | )                            |
|          Plaintiff,                  | )                            |
|                                      | )                            |
|      vs.                             | )                            |
|                                      | )                            |
| HEIDE AND COOK LTD.;                 | )                            |
| JOHN DOES 1-10; AND                  | )                            |
| DOE ENTITIES 1-10,                   | )                            |
|                                      | )                            |
|          Defendants.                 | )                            |
|                                      | )                            |
|                                      | )                            |

**ORDER GRANTING DEFENDANT HEIDE AND COOK LTD.'S MOTION FOR
SUMMARY JUDGMENT ON ALL CLAIMS (DOC. 10)**

Plaintiff Thomas M. Falahee alleges that Defendant Heide and Cook Ltd. wrongfully terminated his employment as a journeyman plumber.  He asserts claims for promissory estoppel; wrongful termination in violation of public policy; and intentional infliction of emotional distress.  Defendant moves for summary judgment on all claims, arguing that Plaintiff was employed pursuant to a collective bargaining agreement, that Plaintiff failed to exhaust the agreement's grievance procedures, and that the claims are therefore preempted by § 301 of the Labor Management Relations Act.

Defendant's motion is **GRANTED**.

**PROCEDURAL HISTORY**

On January 19, 2010, Plaintiff Thomas M. Falahee filed a

Complaint in the First Circuit Court of Hawaii, Civil No. 10-1-0117-01 GWBC.  (Complaint, attached as Exh. A to Defendant's Notice Of Removal, (Doc. 1-3).)

On April 15, 2010, Defendant Heide and Cook Ltd. removed the Complaint to this Court.  (Doc. 1.)

On June 18, 2010, Defendant filed a Motion For Summary Judgment On All Claims ("Motion For Summary Judgment"), (Doc. 10), and a Concise Statement Of Facts, (Doc. 12).

On June 30, 2010, Plaintiff filed a Motion To Remand This Case To State Court For Failure To Timely Remove And Lack Of Federal Court Jurisdiction ("Motion To Remand").  (Doc. 16.)

On July 12, 2010, Defendant filed an Opposition to Plaintiff's Motion To Remand.  (Doc. 24.)

On July 14, 2010, Plaintiff filed an Opposition to Defendant's Motion For Summary Judgment, (Doc. 27), and a Concise Statement of Facts, (Doc. 28).

On July 19, 2010, Defendant filed a Reply to Plaintiff's Opposition to Defendant's Motion For Summary Judgment. (Doc. 30.) Also on July 19, 2010, Plaintiff filed a Reply to Defendant's Opposition to Plaintiff's Motion To Remand.  (Doc. 31.)

On July 26, 2010, Plaintiff's Motion To Remand came for a hearing before the Magistrate Judge.  (Doc. 32.)

On July 30, 2010, Defendant filed an errata to the Reply to Plaintiff's Opposition to Defendant's Motion For Summary

Judgment. (Doc. 34.)  Also on July 30, 2010, the Magistrate Judge filed a Findings And Recommendation That Plaintiff's Motion To Remand This Case To State Court For Failure To Timely Remove And Lack Of Federal Court Jurisdiction Be Denied ("Findings and Recommendation").  (Doc. 35.)

On August 2, 2010, Defendant's Motion For Summary Judgment came for a hearing.  (Doc. 36.)

On August 27, 2010, the Court filed an Order Adopting the Magistrate Judge's Findings and Recommendation.  (Doc. 37.)

## STANDARD OF REVIEW

Summary judgment is appropriate when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c).  There must be sufficient evidence that a reasonable jury could return a verdict for the nonmoving party.  Nidds v. Schindler Elevator Corp., 113 F.3d 912, 916 (9th Cir. 1996).

The moving party has the initial burden of identifying for the court the portions of the materials on file that it believes demonstrate the absence of any genuine issue of material fact.  T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n, 809 F.2d 626, 630 (9th Cir. 1987) (citing Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986)).  The moving party, however, has no burden to negate or disprove matters on which the opponent will have the burden of proof at trial.  The moving party need not

3

produce any evidence at all on matters for which it does not have the burden of proof.  Celotex, 477 U.S. at 325.  The moving party must show, however, that there is no genuine issue of material fact and that he or she is entitled to judgment as a matter of law.  That burden is met simply by pointing out to the district court that there is an absence of evidence to support the nonmovant's case.  Id.

If the moving party meets its burden, then the opposing party may not defeat a motion for summary judgment in the absence of probative evidence tending to support its legal theory.  Commodity Futures Trading Comm'n v. Savage, 611 F.2d 270, 282 (9th Cir. 1979).  The opposing party must present admissible evidence showing that there is a genuine issue for trial.  Fed. R. Civ. P. 56(e); Brinson v. Linda Rose Joint Venture, 53 F.3d 1044, 1049 (9th Cir. 1995).  If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted.  Nidds, 113 F.3d at 916 (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249-50 (1986)).

The court views the facts in the light most favorable to the non-moving party.  State Farm Fire & Casualty Co. v. Martin, 872 F.2d 319, 320 (9th Cir. 1989).

Opposition evidence may consist of declarations, admissions, evidence obtained through discovery, and matters judicially noticed.  Fed. R. Civ. P. 56(c); Celotex, 477 U.S. at 324.  The

opposing party cannot, however, stand on its pleadings or simply assert that it will be able to discredit the movant's evidence at trial.  Fed. R. Civ. P. 56(e); T.W. Elec. Serv., 809 F.2d at 630. The opposing party cannot rest on mere allegations or denials. Fed. R. Civ. P. 56(e); Gasaway v. Northwestern Mut. Life Ins. Co., 26 F.3d 957, 959-60 (9th Cir. 1994).  Nor can the opposing party rest on conclusory statements.  National Steel Corp. v. Golden Eagle Ins. Co., 121 F.3d 496, 502 (9th Cir. 1997).

**ANALYSIS**

**A.   Plaintiff's Claims Are Completely Preempted By § 301 Of The Labor Management Relations Act (Title 29 U.S.C. § 185(a)).**

On June 30, 2010, Plaintiff Thomas M. Falahee filed a motion to remand this case to state court.  (Doc. 16.)  On July 30, 2010, the Magistrate Judge filed a "Findings And Recommendation That Plaintiff's Motion To Remand This Case To State Court For Failure To Timely Remove And Lack Of Federal Court Jurisdiction Be Denied" ("Findings and Recommendation").  (Doc. 35.)  The parties did not object to the Findings and Recommendation, which the Court adopted on August 27, 2010.  (Doc. 37.)

Defendant is a signatory to a Collective Bargaining Agreement between the Plumbing and Mechanical Contractors Association of Hawaii ("PAMCAH") and a union, Local 675 of the United Association of Journeymen and Apprentice Plumbers & Pipefitters of the U.S. & Canada, AFL-CIO ("Local 675").  During

Plaintiff's deposition on April 1, 2010, he admitted to being a member of Local 675 during the relevant time period.  (Deposition of Thomas M. Falahee at pp. 20-21, attached as Exh. 3 to Declaration of Doris Tam, (Doc. 24-4).)

In his Complaint, Plaintiff asserts claims for promissory estoppel; wrongful termination in violation of public policy; and intentional infliction of emotional distress.  As stated in the Findings and Recommendation, the resolution of these claims is substantially dependent on an analysis of the Collective Bargaining Agreement ("CBA").  Under § 301 of the Labor Management Relations Act ("LMRA"), federal law preempts state law actions that require interpretation of a CBA.  <u>Allis-Chalmers Corp. v. Lueck</u>, 471 U.S. 202, 213 (1985).[1]  Plaintiff's claims are completely preempted by § 301 of the LMRA.

**B.    Plaintiff Failed To Exhaust Remedies Under The Collective Bargaining Agreement.**

Section 17 of the Collective Bargaining Agreement ("CBA") establishes a two-step procedure for resolving grievances arising out of the interpretation or enforcement of the CBA.  (Labor-Management Agreement at § 17, attached as Exh. B to Declaration

---

[1] Section 301 of the Labor Management Relations Act, codified as 29 U.S.C. § 185(a), provides: "Suits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce as defined in this chapter, or between any such labor organizations, may be brought in any district court of the United States having jurisdiction of the parties, without respect to the amount in controversy or without regard to the citizenship of the parties."

of Ross S. Sasamura, (Doc. 12-4).)[2]  The first step requires that
the parties attempt to resolve the grievance themselves.  Id.  If
the parties are unable to resolve the grievance, then the second
step requires the parties to submit the grievance to a Joint
Conference Committee.  Id.  If the Joint Conference Committee is
unable to resolve the grievance, then § 18 of the CBA mandates

---

[2] Section 17 of the Collective Bargaining Agreement
provides: "SECTION 17.  *Grievance Procedure*.  Any grievance of
the employer or the union, arising out of interpretation or
enforcement of this agreement, shall be settled between the
employer directly involved and the duly authorized representative
of the union. An employer may have the Plumbing and Mechanical
Contractors Association act as its representative. To be valid,
grievances must be submitted within thirty (30) calendar days
following the event or occurrence giving rise to the grievance.
Any grievance not presented within the thirty (30) calendar days
will be considered waived.  STEP 1:  Within ten days after the
date of the grievance the steward or business agent and the
employer will try to settle it.  If the steward and business
agent and the employer are unable to settle the grievance within
said ten-day period, the grievance may be submitted in writing
within five days thereafter to the Joint Conference Committee.
STEP 2:  A majority vote of the Joint Conference Committee is
required to settle or resolve any grievance submitted to it. If a
grievance that has been submitted to the Joint Conference
Committee is resolved or settled by a decision rendered by a
majority vote of the Joint Conference Committee, said decision
shall be final and binding upon the parties to the grievance in
the same manner that a decision of an arbitrator is final and
binding on any grievance that is submitted to an arbitrator
pursuant to the terms of Section 18 of this agreement. If the
Joint Conference Committee has been unable to settle or resolve
the grievance within five days after it is submitted to it or
within such further time as a majority of the Joint Conference
Committee may determine, the grievance will be submitted at the
end of said five-day period or the agreed extended period to
arbitration as provided hereinafter."  (Labor-Management
Agreement at § 18, attached as Exh. B to Declaration of Ross
S. Sasamura, (Doc. 12-4).)

final and binding arbitration.[3]

The Ninth Circuit Court of Appeals discussed the importance of collective bargaining agreement grievance procedures in Soremekun v. Thrifty Payless, Inc. 509 F.3d 978 (9th Cir. 2007). There the appellate court held that prior to bringing suit, an employee seeking to vindicate personal rights under a collective bargaining agreement must first attempt to exhaust any mandatory or exclusive grievance procedures provided in the agreement. Id. at 985-986 (internal citations omitted). "Personal rights" include wages, hours, overtime pay, and wrongful discharge. Id. at 985 (internal citation omitted). An employee's failure to exhaust these procedures precludes judicial relief. Id. at 986.

The governing CBA here establishes a mandatory grievance procedure that must be followed by employees asserting a

---

[3] Section 18 of the Collective Bargaining Agreement provides: "SECTION 18. *Arbitration*. If the Committee cannot agree on a decision on the grievance or dispute within ten (10) days of meeting to consider it, it shall choose an impartial arbitrator to decide the matter. If the parties cannot agree upon the selection of the impartial arbitrator, the arbitrator shall be selected by the First Judge of the U.S. District Court in Hawaii. In his/her absence, the Second Judge or any other Judge assigned to that Court shall make the selection. The decision of the arbitrator shall be final and binding upon the parties and shall be in writing, signed by the arbitrator. A copy of the decision shall be given to each party. All fees and expenses of the arbitrator shall be borne equally by the union and the employer involved in the grievance. Each party shall bear the expenses for the presentation of its own case. Neither the Joint Conference Committee nor the arbitrator shall have the power to add to or alter the terms of this agreement." (Labor-Management Agreement at § 18, attached as Exh. B to Declaration of Ross S. Sasamura, (Doc. 12-4).)

violation of the terms of the agreement.  It is undisputed that Plaintiff's lawsuit seeks to vindicate "personal rights," and that Plaintiff did not exhaust the CBA's internal grievance procedures.  Defendant is entitled to summary judgment on all of Plaintiff's claims.  <u>Soremekun</u>, 509 F.3d at 989.

**CONCLUSION**

(1)   Defendant Heide and Cook Ltd.'s Motion For Summary Judgment On All Claims, filed June 18, 2010, (Doc. 10), is **GRANTED**.

(2)   The Clerk of Court is **DIRECTED** to enter judgment in favor of Defendant Heide and Cook Ltd. and to close the case.


IT IS SO ORDERED.

DATED:  August 31, 2010, Honolulu, Hawaii.



         /S/ Helen Gillmor
_____
Helen Gillmor
United States District Judge


<u>Falahee v. Heide and Cook Ltd.</u>; Civil No. 10-00218 HG-BMK; **ORDER GRANTING DEFENDANT HEIDE AND COOK LTD.'S MOTION FOR SUMMARY JUDGMENT ON ALL CLAIMS (DOC. 10).**