IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| THOMAS M. FALAHEE,<br><br>        Plaintiff,<br><br>    vs.<br><br>HEIDE AND COOK LTD.;<br>JOHN DOES 1-10; AND<br>DOE ENTITIES 1-10,<br><br>        Defendants. | Civ. No. 10-00218 HG-BMK |

**ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION (DOC. 41)**

In the Complaint, Plaintiff Thomas M. Falahee asserts claims against Defendant Heide and Cook, Ltd., for promissory estoppel; wrongful termination in violation of public policy; and intentional infliction of emotional distress.  On August 31, 2010, the Court filed an order granting Defendant's motion for summary judgment, stating that all of Plaintiff's claims are completely preempted by § 301 of the Labor Management Relations Act, codified as 29 U.S.C. § 185(a).  Plaintiff moves for reconsideration, arguing that his claim for wrongful termination in violation of public policy is not preempted.

Plaintiff's motion for reconsideration is **DENIED**.

**PROCEDURAL HISTORY**

On August 27, 2010, the Court filed an "Order Adopting Magistrate Judge's Findings and Recommendation (Doc. 35) That

1

Plaintiff's Motion To Remand This Case To State Court For Failure To Timely Remove And Lack Of Federal Court Jurisdiction Be Denied." (Doc. 37.)

On August 31, 2010, the Court filed an Order Granting Defendant Heide and Cook Ltd.'s Motion For Summary Judgment On All Claims. (Doc. 38.)

On September 21, 2010, Judgement was entered. (Doc. 39.)

On September 22, 2010, Plaintiff filed a Motion For Reconsideration of the Court's August 31, 2010 Order. (Doc. 41.)

On September 30, 2010, Defendant filed a Memorandum In Opposition. (Doc. 44.)

On October 5, 2010, Plaintiff filed a Reply. (Doc. 46.)

Pursuant to Local Rule 7.2(d), the Court elected to decide Plaintiff's motion without a hearing. (Doc. 42.)

## STANDARD OF REVIEW

A motion for reconsideration can be brought pursuant to Federal Rule of Civil Procedure 59(e). If the motion for reconsideration is filed within twenty-eight days[1] of the district court's order, then the motion is properly treated under Rule 59(e). Zamani v. Carnes, 491 F.3d 990, 997 (9th Cir. 2007) (citing Circuit City Stores, Inc. v. Mantor, 417 F.3d 1060, 1064

---

[1] Effective December 1, 2009, Federal Rule of Civil Procedure 59(e) was amended to extend the time period for filing a motion for reconsideration from ten days after the entry of judgment to twenty-eight days after the entry of judgment.

(9th Cir. 2005)).  Under Rule 59(e), it is appropriate to alter or amend a judgment if any of three reasons are present:  "if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law."  Zamani, 491 F.3d at 997 (quoting Sissoko v. Rocha, 440 F.3d 1145, 1153-1154 (9th Cir. 2006)).

**ANALYSIS**

**A.   Procedural background.**

In the Complaint, Plaintiff Thomas M. Falahee alleges that Defendant Heide and Cook, Ltd., wrongfully terminated his employment as a journeyman plumber.  (Complaint, attached as Exh. A to Defendant's Notice of Removal, (Doc. 1-3).)  He asserts claims for promissory estoppel, wrongful termination in violation of public policy, and intentional infliction of emotional distress.  Id.

As stated in the Magistrate Judge's July 30, 2010 Findings and Recommendation, Defendant is a signatory to a Collective Bargaining Agreement between the Plumbing and Mechanical Contractors Association of Hawaii ("PAMCAH") and a union, Local 675 of the United Association of Journeymen and Apprentice Plumbers & Pipefitters of the U.S. & Canada, AFL-CIO ("Local 675").  (Doc. 35.)  During Plaintiff's deposition on April 1, 2010, he admitted to being a member of Local 675 during the

relevant time period.  (Deposition of Thomas M. Falahee at pp. 20-21, attached as Exh. 3 to Declaration of Doris Tam, (Doc. 24-4).)  The Magistrate Judge concluded in his Findings and Recommendation that the resolution of Plaintiff's claims are substantially dependent on an analysis of the Collective Bargaining Agreement ("CBA").  (Findings and Recommendation at p. 10, (Doc. 35).)  Under § 301 of the Labor Management Relations Act ("LMRA"), codified as 29 U.S.C. § 185(a), federal law preempts state law actions that require interpretation of a CBA. Allis-Chalmers Corp. v. Lueck, 471 U.S. 202, 213 (1985). Plaintiff's claims are therefore completely preempted by § 301 of the LMRA.

   Plaintiff did not file an objection to the Findings and Recommendation, which the Court adopted on August 27, 2010. (Doc. 37.)  On August 31, 2010, the Court filed an order granting Defendant Heide and Cook Ltd.'s motion for summary judgment, concluding that Plaintiff did not exhaust the Collective Bargaining Agreement's mandatory grievance procedure.  (Labor-Management Agreement at § 17, attached as Exh. B to Declaration of Ross S. Sasamura, (Doc. 12-4).)  Plaintiff's claims are completely preempted by § 301 of the Labor Management Relations Act, Title 29 U.S.C. § 185(a).

**B.   Plaintiff's Motion For Reconsideration.**

On September 22, 2010, Plaintiff filed a Motion For Reconsideration of the Court's August 31, 2010 Order.  (Doc. 41.) He requests reconsideration under Federal Rule of Civil Procedure 59(e), arguing that the claim for wrongful termination in violation of public policy is not preempted by § 301 of the LMRA.  Plaintiff asserts that the Magistrate Judge committed "manifest error" by concluding that Plaintiff failed to identify a valid public policy that had been violated, and that the Court's adoption of the Findings and Recommendation will result in "manifest injustice."  Plaintiff claims that he was wrongfully terminated in violation of the public policies established by Hawaii Revised Statutes § 708-830, entitled "Theft," and § 708-870, entitled "Deceptive Business Practices."  (Plaintiff's Memorandum In Support Of Motion For Reconsideration at p. 2, (Doc. 41-1).)  Plaintiff's theory is that Defendant terminated him to prevent Plaintiff from exposing Defendant's practice of allegedly overcharging clients, under a system referred to as "uku pau."[2]

The Supreme Court of Hawaii recognized a "narrow" public policy exception to the at-will employee doctrine in <u>Parnar v. Americana Hotels, Inc.</u> 65 Haw. 370, 379-380 (Haw. 1982).  There

---

[2] Under the "uku pau" system, "a certain quantum of work is determined and designated as the equivalent of an 8-hour day's work, which can be completed at the will and pace of each work crew."  <u>United Public Workers, AFSCME, Local 646, AFL-CIO v. Hanneman</u>, 106 Haw. 359, 360 (Haw. 2005).

the court held that "an employer may be held liable in tort where his discharge of an employee violates a clear mandate of public policy." Id. at 380. In determining whether a clear mandate of public policy is violated, courts should inquire whether the employer's conduct contravenes the letter or purpose of a constitutional, statutory, or regulatory provision or scheme. Id. Prior judicial decisions may also establish the relevant public policy. Id. The Supreme Court of Hawaii cautioned, however, that "courts should proceed cautiously if called upon to declare public policy absent some prior legislative or judicial expression on the subject." Id. The party alleging a retaliatory discharge bears the burden of proving that the discharge violates a clear mandate of public policy. Id.

In the Findings and Recommendation, the Magistrate Judge concluded that Plaintiff's claim for wrongful termination in violation of public policy was not based on any state law. (Findings and Recommendation at p. 11, Doc. 35.) Plaintiff's Complaint, filed on January 19, 2010, includes a count entitled "wrongful termination in violation of public policy." (Complaint, attached as Exh. A to Defendant's Notice of Removal, (Doc. 1-3).) That count alleges the following: "Defendant discharged Plaintiff; the discharge violates a clear mandate of public policy; and no statutory or regulatory provision which evidences the public policy provides a remedy." Id. at ¶ 35.

The Complaint, however, does not identify the alleged "public policy."

On March 16, 2010, in response to a written interrogatory question asking Plaintiff to identify the "public policy," Plaintiff wrote: "This was a known practice in the plumbing department.  The 'bill' was being challenged by a customer, Defendant had to find someone to take responsibility." (Plaintiff's Response To Defendant's First Request For Answers To Interrogatories at p. 3, attached as Exh. B to Defendant's Notice of Removal  (Doc. 1-4).)  During his deposition on April 1, 2010, Plaintiff was again asked to identify the "public policy." (Deposition of Thomas M. Falahee at pp. 137-138, attached as Exh. A to Declaration of Craig K. Shikuma, (Doc. 12-3).) Plaintiff stated that "this is a known -- this is actually a known policy, that [Defendant's employees] do *uku-pau*."  Id. at p. 138.  When asked whether the "public policy" referred to a Hawaii state law, Plaintiff responded "No."  Id.  When asked whether Plaintiff was aware of any other public policy that was violated by his termination, Plaintiff again responded "No."  Id.

Plaintiff first claimed that he was terminated in violation of public policy established by Hawaii Revised Statutes §§ 708-830 and 708-870 on July 14, 2010, in his opposition to Defendant's Motion For Summary Judgment On All Claims. (Doc. 27.)  Plaintiff's belated identification is similar to the

facts of <u>Shane v. Greyhound Lines, Inc.</u> 868 F.2d 1057 (9th Cir. 1989).  The plaintiffs in <u>Shane</u> alleged that they were wrongfully discharged for their union activities.  <u>Id.</u> at 1062.  In response to a motion for summary judgment, the plaintiffs argued that they were terminated for their "whistle-blowing activities," in violation of Washington state law.  <u>Id.</u>  The Ninth Circuit Court of Appeals declined to construe liberally the plaintiffs' pleadings so as to include the allegation of a violation of Washington state law.  <u>Id.</u>  The appellate court, citing <u>Parnar</u>, concluded that the plaintiffs failed to sufficiently allege a violation of public policy.  <u>Id.</u>

Plaintiff bears the burden of sufficiently alleging that his discharge violates a clear mandate of public policy.  <u>Parnar</u>, 65 Haw. at 380.  Plaintiff's Complaint does not identify any public policy.  In his written discovery responses and deposition testimony, Plaintiff stated that the public policy was "uku pau" itself, allegedly a company policy of Defendant Heide and Cook, Ltd., not a Hawaii state law.  (Deposition of Thomas M. Falahee at pp. 137-138, attached as Exh. A to Declaration of Craig K. Shikuma, (Doc. 12-3).)  Plaintiff has never asserted that he complained to Defendant, to state or federal authorities, or to anyone else regarding Defendant's practice of "uku pau."

Plaintiff was not wrongfully terminated in violation of any public policy established by Hawaii Revised Statutes §§ 708-830

or 708-870.  The resolution of whether Plaintiff was validly terminated is substantially dependent on an analysis of the Collective Bargaining Agreement, and Plaintiff's claims are preempted by federal law.  The Magistrate Judge did not commit "manifest error" by concluding that Plaintiff failed to identify a valid public policy, and the Court's adoption of the Findings and Recommendation will not result in "manifest injustice."  Plaintiff has not demonstrated any proper grounds for reconsideration within the meaning of Federal Rule of Civil Procedure 59(e).  Defendant's Motion For Reconsideration is **DENIED**.

## CONCLUSION

The Judgement was entered on September 21, 2010.

Plaintiff's Motion For Reconsideration, filed September 22, 2010, (Doc. 41), is **DENIED**.

IT IS SO ORDERED.

DATED:  October 20, 2010, Honolulu, Hawaii.



/S/ Helen Gillmor
_____
Helen Gillmor
United States District Judge

Falahee v. Heide and Cook Ltd.; Civil No. 10-00218 HG-BMK; **ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION (DOC. 41).**